# EXHIBIT A

Fulton County Superior Court
***EFILED***SJ
Date: 4/24/2025 9:06 AM
Che Alexander, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CHEQUE FINANCIAL, LLC,

Plaintiff,

v.

EVOLVE BANK & TRUST, INC.,

Defendant.

CIVIL ACTION
FILE NO. 25CV005354

## AFFIDAVIT OF SERVICE

COMES NOW AMY FERRERO, before the undersigned officer duly authorized to administer oaths and, after being duly sworn on oath deposes and states that she has been permanently appointed by this Court for service of process per Order attached, she is a citizen of the United States, over the age of eighteen (18), and is a party having no interest in the above styled case, states that on April 23, 2025 at 3:08 PM, she served EVOLVE BANK & TRUST, INC., by personally serving BARRY SMITH, Corporation Service Company, Registered Agent, at his business located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092, with SUMMONS, VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES, PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION WITH INCORPORATED BRIEF IN SUPPORT and PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT.

I certify under penalty of perjury that the foregoing is true and correct.

Executed this 24 day of April , 2025

Legal Ease Attorney Services, Inc.
645 Waldo Street
Atlanta, GA 30312
404-849-1240

Sworn to and subscribed before me
this 24 day of April 2025

Notary Public
My commission expires:

24-EX-001596

**FILED IN OFFICE**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

Administrative Order No. 2024-EX_____

DEC 2 0 2024

CHE ALEXANDER
Clerk of Superior Court
Fulton County, Georgia

## ORDER FOR THE APPOINTMENT FOR PROCESS SERVICE 2025

Having read and considered the petitions and criminal records, it appears to the Court that sufficient grounds exist whereby each petitioner meets the requirements for the appointment by the Court,

IT IS HEREBY ORDERED and ADJUDGED that the following:

Adams John George Jr.
Aguirre Antuan
Allen Lakeita
Anschutz Edwin J.
Armstrong Christopher J
Armstrong Cynara J
Armstrong Michael
Armstrong Michelle D.
Atkinson-Malldejohn Chelsea
Backo Mustafa
Bailey Anna
Bailey Santonias DeVon
Banks Randy
Barbagelata Daniel
Barbagelata Gavin
Barnes Kristopher
Barney Steven Michael Jr.
Barron Shane W.
Basham James S.
Benito Richard
Bethel Vaquisha
Boyana Euael
Billings Omari
Blakeney Cody
Blakeney Kristian John
Blalock James Stephen Paul
Bolling Katherine DeVora
Brazeman Craig Philip
Brewster Celeste
Bridges Kayla D.
Briley Donnie
Brown Irish
Brownlee Savshywa
Bryant Shemika
Bunch Kim
Burke Nayshunda
Burns Tamara
Byer Edmond J.
Chastain Michael Alan
Chester Rosetta L
Childress Clifton

Clemmons Joyce
Cline Travis Daniel
Cochrane Babette D.
Cooke Latoria
Cotton Charles
Crossland Christina
Cunningham Sally
Dalman Alexandra
Dalman Jonathan
Dambach-Cirko Patriciajoyce
Daniel Nakisha
Davidson Danny
Davidson Mitchell T.
Davis Mitch
Day Duane D.
Derricho, David Jr.
Dolbier Jeffrey A.
Earthrise Rochelle
Echols Eric D.
Echols Patricia
Elliott Maurice
Emile Kirby Treshawn
Farkas Bela
Faulkner Dana
Fazzio Dedrea
Ferguson Reginald B
Ferrero Amy Lynn
Fisher Dawn W
Fitzgerald Floretta
Fletcher Nia
Floyd Anton
Folds Catherina Pilar
Fox Juhani Allen
Freese Jessica Renee
Fuller Thomas Wayne
Galvin Elizabeth
Garmon Daylien
Garmon Jason
Garner Jennifer R
Gayle Earl Winston
George Randal

Gibbs Thomas III
Gibson Chelsea L.
Giles Herbert
Gotell Rachel P.
Graham Lamone
Green Anjenal G.
Green Melba J
Greenway Kimberly
Gunnels Jamie
Gunnels Matthew
Gunther Melissa
Guthridge Mia
Handley Wiley D.
Harbuck Michael
Harris Parks
Hassan Muhsin
Hassan Muhsin Shahid
Hernandez Bryan
Hicks Andrew Sr
Hightower Anthonio
Hill Hollis J.
Hill Lisa W.
Hines James William
Horton Christopher
Hudson Hakimah
Hudson Kyle
Hunte Karen
Hunter Jermarcus
Irvin Elizabeth
Irvine Xavier
Iyanhwura Gbolabo
James Frank Hugh
Johnsong Earl
Kahssu Haile
Kenarson Lorenzo
Khalil Jobena
Kirkland Shirley P.
Kotlar Michael J.
Laster Beverly L.
Lausman Marsha
Lawson Zuri M.

Lee Jeremy
Lewis Crystal
Lewis Kevin J.
Louis Clyde
Maggard Andrew
Maggard J Daniel
Mallas Nicholas
Mathes Gabrielle
McClellan Rodney
McMillon Ericka
Mgbor Daniel O.
Mitchell Kevin J.
Moore Brad
Mostafa Vernon H.
Muhammad Kabir
Murphy Alesia
Murphy Gregory Jr.
MURPHY SHARON
Murrieta Fancisco
Nolen Milton
Obrien Christopher
Oleary Christine L.
Pannell Nicole D
Parker Atari
Parker Ernesqueshia
Perison Marc
Phelan Ross
Porter Gregory
Ransom Marcus
Ransome Maurice
Rashid Hassan M.
Reckersdrees Thomas
Rhodes Kathryn D.
Richardson Clark
Richardson Leroy
Rivers Michael
Rowe Lynn
Ruckar Keith A.
Ruddock Margaret
Rutherford Danyelle
Sanders Shakilla

Saxon Jasmine N
Saxon Rashad L.
Saxon Robin L
Saxon-Ford Virginia
Seldeckl Christian
Singlatary Samuel
Singleton Wanda Mae
Singleton Wesley G.
Sistrunk Alesha
Smith Norel Chenice
Smith Ronald L.
Snellings Sharon
Solayn Gracelyn
Stanton Christopher
Starks Marc
Stephens Geri S.
Stewart Ronnie N.
Stiggers James
Stover Cierra
Spears Joye L.
Swindle Frank
Swinger Ina L.
Tassaw Berhane
Tassaw Semiyen
Tatum Kristi
Taylor Tyrian Reginald
Temitope Ode
Thomas Corvon
Thomas Jeffrey Alan
Thompson Chrissana
Thompson Vanessa
Thrash Nancy
Tibbs Mariah E.
Tort Henry
Travis Christy L
Turner Travis Davon
Tuttle Garry
Watt Roosevelt II
Winkelman Nan L.
Wolfe Lisa
Yancey Shadae
Yellg Edward

be appointed and authorized to serve as a Permanent Process Server in the Fulton County Superior Court, for the calendar year 2025, without the necessity of an order for appointment in each individual case.

BY ORDER OF THE COURT this _____20th_____ day of December, 2024.

*Ural Glanville*

Chief Judge Ural Glanville
Fulton County Superior Court
Atlanta Judicial Circuit

Fulton County Superior Court
***EFILED***QW
Date: 4/24/2025 2:19 PM
Che Alexander, Clerk

**RK**

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

CHEQUE FINANCIAL, LLC,

     Plaintiff,

     v.

EVOLVE BANK & TRUST, INC.,

     Defendant.

CIVIL ACTION FILE

NO. 25CV005354

<u>JUDGE KRAUSE</u>

## <u>NOTICE OF EMERGENCY HEARING VIA ZOOM VIDEOCONFERENCE</u>

The Court will hold an emergency hearing on Plaintiff's Emergency Motion For Temporary Restraining Order (Dkt. 3) in this matter on **<u>Tuesday, April 29, 2025 at 1:00 p.m.</u>**, via videoconference as detailed below. Plaintiff is instructed to make diligent efforts to provide Defendant with notice of this emergency hearing and furnish Defendant with the zoom invite information contained herein.  The Court will expect Plaintiff to be able to recite these diligent efforts to the Court at the start of the hearing, especially if Defendant is not present for the hearing. The parties shall ensure all exhibits have been filed into the record at least one day prior to the hearing and then email courtesy copies to the Court's staff attorney, Mitchell Freehauf, whose email address is  Mitchell.Freehauf@fultoncountyga.gov.

Per the Amendment to Uniform Superior Court Rules 9, 9.1 and 9.2 made by the Supreme Court of Georgia effective March 1, 2023, all civil hearings and conferences may be conducted via videoconference.

The Court has set up video conferencing through Zoom. If using a smartphone, Zoom works best via the app.  A web browser may also be used.  Zoom Basic Personal Meeting is available free of charge and can be downloaded onto your computer at https://zoom.us/pricing or

Page **1** of **3**

Zoom Cloud Meeting App is available for free in the Google play store or Apple store. Parties and/or their counsel will need to use either a smart phone or laptop/desktop with a camera and microphone. Parties can test whether their phone/device has video and microphone capabilities here: zoom.us/test. Additionally, resources for using Zoom are available here: support.zoom.us. The zoom invite information is as follows:

Topic: Emergency Hearing 25CV005354
Time: Apr 29, 2025 01:00 PM Eastern Time (US and Canada)
Join Zoom Meeting
https://zoom.us/j/96652842926
Meeting ID: 966 5284 2926

One tap mobile
+14702509358,,96652842926# US (Atlanta)
+14703812552,,96652842926# US (Atlanta)
Dial by your location
• +1 470 250 9358 US (Atlanta)
• +1 470 381 2552 US (Atlanta)
Find your local number: https://zoom.us/u/adJQ5bgFlI

The meeting information is not to be shared with non-parties except for testifying witnesses. The hearing will be livestreamed on the YouTube channel for Judge Krause. The livestream can be accessed via www.fultoncourt.org/live-hearings and then clicking on the icon for Judge Rachel Krause. If the Court has not joined the meeting when you call in, please stay on the line until the Court appears.

***IMPORTANT***: All parties before this Court are to familiarize themselves with and abide by the "Standing Case Management Order For Civil Cases In Judge Rachel R. Krause's Division" located at: https://fultoncourt.org/judges/forms/krause_civil_standing_order_0719.pdf

The Standing Case Management Order For Civil Cases In Judge Rachel R. Krause's Division is intended to provide instructions and set the Court's expectations as to how this case will proceed to conclusion. Please read it carefully and refer to it throughout the course of the litigation. This standing order provides written guidance to the parties and their counsel in this

litigation. This Court handles a large docket of civil and criminal cases each month with limited resources. Please assist the Court in its efforts to provide all litigants with meaningful access to the courts by consulting the standing order before making unnecessary inquiries or requests.

Should the parties require the services of a court reporter for the hearing, they should contact and secure a contract with an independent court reporter because **the Court's assigned court reporter is not currently available to perform takedown** of civil matters before this Court.

This 24th day of April, 2025.

/S/ Mitchell Freehauf

_____

Mitchell Freehauf,
Staff Attorney for Hon. Rachel R. Krause
Mitchell.Freehauf@fultoncountyga.gov

*Filed and Served via eFileGA*
*(unless otherwise indicated herein)*

Fulton County Superior Court
***EFILED***TV
Date: 4/21/2025 2:27 PM
Che Alexander, Clerk



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM J2 C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Cheque Financial, LLC                           ) Case      25CV005354
                                                ) No.:_____
                                                )
_____                 )
**Plaintiff,**                                   )
                                                )
vs.                                             )
Evolve Bank & Trust, Inc.                       )
                                                )
_____                 )
**Defendant**                                    )
                                                )
                                                )
                                                )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylertech.cloud/OfsEfsp/ui/landing (unless you are exempt from filing electronically) and serve upon plaintiff's attorney, whose name and address is:

Ramsey A. Knowles

Knowles Gallant Timmons, LLC

6400 Powers Ferry Road, Suite 350

Atlanta, GA 30339

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This_____4/21/2025_____day of_____, 20_____

Honorable Ché Alexander, Clerk of

Superior Court

By_____
                    Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

Deputy Sherriff

**Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used**

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CHEQUE FINANCIAL, LLC,

        Plaintiff,

v.

EVOLVE BANK & TRUST, INC.,

        Defendant.

Case No._____
25CV005354

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Cheque Financial, LLC ("Cheque" or "Plaintiff") files this Complaint against Evolve Bank & Trust, Inc. ("Evolve Bank" or "Defendant"), seeking preliminary and permanent injunctive relief and damages.

## I. Parties, Jurisdiction, and Venue

### 1.

Plaintiff Cheque Financial, LLC is a Georgia limited liability company.

### 2.

Defendant Evolve Bank & Trust, Inc. is an Arkansas corporation that has an office and transacts business at 110 Mansell Circle, #301, Roswell, Fulton County, Georgia 30075. Evolve Bank may be served with process through its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

### 3.

Jurisdiction and venue are proper in this Court.

1

## II. Factual Background

### A. Cheque's use of Evolve Accounts

4.

Cheque is a family owned and operated business that provides underserved communities with various financial services in convenient locations that are primarily operated inside grocery stores.

5.

Among other things, Cheque assists customers (many of whom do not have bank accounts) with transferring money to their families, cashing checks from their employers and payors, and making bill payments for utilities and other services.

6.

As part of its money-transfer services, Cheque deposits cash through an intermediary into accounts at Evolve Bank—Cheque has a total of ten Evolve Bank accounts (the "Evolve Accounts"): one for each of its nine locations plus a main account that sends and receives funds to and from the other nine accounts to avoid overdrafts due to temporary cash flow shortages in any one location.

7.

Collectively, the Evolve Accounts are similar to an attorneys' IOLTA account in that all funds that enter and exit the Evolve Accounts are earmarked—any customer's cash payment that Cheque deposits into the Evolve Accounts will eventually be withdrawn by the third-party vendor (e.g., Western Union, MoneyGram) that facilitated the transfer associated with that customer's cash payment.

2

8.

In other words, Cheque does not scrape or rake any revenue, profits, or excess funds from the Evolve Accounts because there are no profits, revenue, or excess funds in the Evolve Accounts—the Evolve Accounts only contain funds that are escrowed for eventual withdrawal by the applicable third-party vendors.

9.

Cheque's actual revenue and profits are deposited into a different account (the "Revenue Account") at a different bank (not Evolve Bank), and these deposits typically originate in one of two ways: (a) for some vendors, Cheque removes its fee at the point of sale and puts it into the cash register at that location (which is then deposited into the Revenue Account), and (b) other vendors receive Cheque's fees as part of the funds pulled from the Evolve Accounts by these vendors and then deposit Cheque's fees into the Revenue Account.

**B. Evolve's theft of Cheque's funds**

10.

In or around December 2024, Evolve Bank represented to Cheque that, from 2020-2023, Evolve Bank had erroneously credited $827,285.00 to the Evolve Accounts, and Evolve Bank presented Cheque with spreadsheets and other documents purporting to evince these alleged erroneous credits (the "Alleged Credits").

11.

Cheque was dubious about Evolve Bank's representations related to the Alleged Credits for a number of reasons, including:

a.  Cheque had personally observed that Evolve Bank's accounting practices were sloppy

at times, including erroneous credits and debits into the Evolve Accounts that were typically corrected by Evolve Bank prior to the close of a statement period; and

b. Evolve Bank had recently made negative headlines for several reasons, including federal investigations of "unsafe and unsound banking practices," customer complaints regarding inability to access accounts, lawsuits regarding cyber security issues, and reports of preemptively freezing accounts without due process to protect the interests of Evolve Bank at the expense of its customers.[1]

12.

Notwithstanding Cheque's well-founded suspicions, Cheque was not interested in retaining any funds that did not belong to Cheque, so Cheque initiated its own reconciliation to confirm or correct spreadsheets and documents presented to Cheque by Evolve Bank.

13.

While Cheque carried out its reconciliation, Evolve Bank began collecting a new $5,000.00 monthly fee from the Evolve Accounts, which Cheque interpreted as a signal from Evolve Bank that it no longer wanted to do business with Cheque.

14.

Due to this substantial new monthly fee and Evolve Bank's history of accounting errors and other legal issues (both confirmed and alleged by Evolve Bank itself), Cheque made plans to replace the Evolve Accounts with accounts at another bank.

---

[1]    See, e.g., https://abc7chicago.com/post/frozen-funds-high-yield-savings-account-owners-unable-access-deposited-fdic-evolve-bank-popular-app-yotta/15985826/; https://www.federalreserve.gov/newsevents/pressreleases/enforcement20240614a.htm; https://www.bobsguide.com/evolve-bank-to-pay-11-9-million-in-data-breach-settlement/.

15.

Upon information and belief, Cheque's plans to take its business elsewhere caused Evolve Bank to devise and implement a "possession is nine-tenths of the law" scheme—instead of pursuing lawful means to recover the Alleged Credits, Evolve Bank decided to steal over $1,200,000.00 from the Evolve Accounts without any due process or notice to Cheque.

16.

In fact, Evolve Bank's actions are actually much worse than simply stealing Cheque's funds from the Evolve Accounts:

**From April 9-11, 2025, Evolve Bank fraudulently reversed over $500,000.00 in ACH debits (the "Fraudulent Reversals") initiated by Cheque's third-party vendors (i.e., MoneyGram and Viamericas) from April 1-2, 2025, to increase Cheque's account balances in preparation for Evolve Bank's theft from April 11-14, 2025.**

17.

To accomplish the Fraudulent Reversals, Evolve Bank had to tell a deliberate lie to the Automated Clearing House (ACH) network: Evolve Bank fraudulently entered ACH codes associated with reversals due to customer request when Cheque had obviously not requested the Fraudulent Reversals.

18.

Notably, there are ACH codes associated with insufficient funds, but Evolve Bank did not use these codes because the Evolve Accounts had sufficient funds when these ACH debits were initiated and also at the time of the Fraudulent Reversals—it was not until after the Fraudulent Reversals that Evolve Bank's theft overdrew Cheque's Evolve Accounts.

19.

Specifically, following the Fraudulent Reversals, Evolve Bank debited over $1,200,000.00 from the Evolve Accounts without any notice or explanation to Cheque, which resulted in a negative account balance of -$698,457.

20.

Evolve Bank's Fraudulent Reversals have damaged Cheque's long-standing positive relationships with MoneyGram and Viamericas and will result in claims against Cheque.

21.

The negative account balance of -$698,457 indicates that Evolve Bank is wrong about the Alleged Credits—as explained in Section II(A) of this Verified Complaint, if Evolve Bank erroneously credited $800,000 to the Evolve Accounts, removing those Alleged Credits from the Evolve Accounts would not cause a negative balance because the funds would be in the Evolve Accounts, which are only debited by third-party vendors recouping escrowed funds.

22.

Evolve Bank has refused to explain its actions, including failure to respond to correspondence from Cheque on April 11, 2025, which (a) demanded immediate return of funds stolen by Evolve Bank, including funds needed to complete the ACH transactions reversed by the Fraudulent Reversals, and (b) requested the reason and the legal, regulatory, or contractual basis for the Fraudulent Reversals within two business days (April 15, 2025).

23.

A true and correct copy of Cheque's letter of April 11, 2025, is attached hereto as Exhibit A.

<u>**COUNT I**</u>
**Preliminary and Permanent Injunction**

24.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if fully restated herein.

25.

Defendant's tortious conduct described above is currently harming and will continue to harm Plaintiff.

26.

Defendant is willfully engaging in tortious, wrongful, and negligent conduct benefitting Defendant and harming Plaintiff.

27.

The harm Defendant has caused and is continuing to cause is irreparable, and Plaintiff has no adequate remedy at law.

28.

Unless Defendant is temporarily, preliminarily, and permanently enjoined and restrained, there is a substantial threat that Defendant's actions will continue to cause further irreparable harm and injury to Plaintiff.

29.

The threatened harm to Plaintiff without an injunction that restores the status quo far outweighs any potential harm to Defendant if they are enjoined.

30.

There is a substantial likelihood that Plaintiff will prevail on the merits of the dispute

given that Defendant has openly violated federal and state law and banking regulations.

31.

Restoring the status quo and enjoining Defendant from further unlawful conduct will not disserve the public interests.

32.

Plaintiff requests that the Court enter temporary, interlocutory, and permanent injunctive relief requiring Defendant to:

a.  Restore all funds that Evolve Bank stole from the Evolve Accounts;

b.  Correct the Fraudulent Reversals and complete reversed ACH debits; and

c.  Correct the fraudulent ACH codes indicating that the Fraudulent Reversals were requested by Cheque.

## <u>COUNT II</u>
**Conversion or Money Had and Received**

33.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if fully restated herein.

34.

Plaintiff is the lawful owner of the funds improperly removed by Evolve Bank from the Evolve Accounts.

35.

Defendant has prevented Plaintiff from accessing the improperly removed funds and is currently misappropriating Plaintiff's funds by using and accessing it without Plaintiff's authorization.

36.

Defendant has converted the stolen funds to its own use, and demand has been made and is hereby reasserted for return of Plaintiff's funds.

37.

As a direct and proximate result of Defendant's conversion, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT III
### Tortious Interference with Business Relations

38.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if fully restated herein.

39.

By improperly initiating the Fraudulent Reversals and stealing over $1,200,000.00 from the Evolve Accounts, resulting in a negative account balance, Defendant has acted improperly and without privilege, purposefully, and with malicious intent to injure Plaintiff by interfering with Plaintiff's ability to conduct business with its vendors, including Plaintiff's contractual obligation to repay these vendors for funds they have advanced.

40.

As a direct and proximate result of Defendant's tortious interference with Plaintiff's business relations, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT IV
**Defamation Per Se**

41.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if fully restated herein.

42.

Defendant represented that Plaintiff requested the Fraudulent Reversals, which is false and defamatory, and which was communicated to third parties without privilege, including Plaintiff's vendors.

43.

Defendant made the defamatory statements purposefully and intentionally (or recklessly or negligently).

44.

Defendant's defamatory statements referred to Plaintiff's trade, office, or profession and were calculated to injure Plaintiff therein.

45.

As a direct and proximate result of Defendant's defamation, Plaintiff has been damaged in an amount to be proven at trial.

## COUNT V
**Negligent Misrepresentation (in the alternative)**

46.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if

fully restated herein.

47.

To the extent any Alleged Credits were made, Defendant negligently made numerous misrepresentations to Plaintiff regarding the balance and status of the Evolve Accounts.

48.

Plaintiff reasonably relied on Defendant's misrepresentations and omissions.

49.

As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff has been damaged in an amount to be proven at trial.

**COUNT VI**
**Punitive Damages**

50.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if fully restated herein.

51.

Defendant's actions described in this Complaint show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to the consequences, justifying imposition of punitive damages.

**COUNT VII**
**Attorneys' Fees and Expenses**

52.

Plaintiff incorporates and realleges the allegations from paragraphs 1 through 23 as if

fully restated herein.

53.

Plaintiff is entitled to recover its costs of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11 because Defendant has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense.

**WHEREFORE**, Plaintiff prays that final judgment be entered in its favor and against Defendant as follows:

a. Injunctive relief as requested in Count I;

b. Judgment against Defendant on each applicable count of this Complaint;

c. Compensatory and actual damages as a result of Defendant's conduct;

d. Punitive, exemplary, or treble damages as authorized by law;

e. Attorneys' fees and costs pursuant to O.C.G.A. § 13-16-11; and

f. On each of Plaintiff's claims for relief, such further and other relief as the Court deems just and proper.

Respectfully submitted this 21st day of April, 2025.

/s/ Ramsey A. Knowles
Ramsey A. Knowles
Georgia Bar No.: 426726
rknowles@kgtfirm.com
Christopher W. Timmons
Georgia Bar No.: 712659
ctimmons@kgtfirm.com
Karen E. Bain
Georgia Bar No.: 495153
kbain@kgtfirm.com
Jordan V. Davies
Georgia Bar No.: 501722
jdavies@kgtfirm.com

KNOWLES GALLANT TIMMONS LLC
6400 Powers Ferry Road – Suite 350
Atlanta, Georgia 30339
Telephone:     (404) 818-7330
*Counsel for Plaintiff*

# EXHIBIT A

# Cheque Financial, LLC



Date: 4/11/2025

**To the attention of:**

**EVOLVE BANK & TRUST / Executive Leadership**
6070 Poplar Avenue Suite 200
Memphis, TN 38119

**RE:        Request for Release of Withheld funds.**

I, Raymond Berrones, Jr., President of CHEQUE FINANCIAL LLC., a duly registered business operating under the laws of the United States, hereby express concern regarding the unauthorized reversal of already paid ACH's to our vendors currently held in our accounts 99000001067, 99000001075, 99000001083, 99000001091, 99000001109, 99000001117, 99000004632, 99000014763 and 99000014771 in the amount of **$512,117.83** without any clear, formal, or documented justification.

We request immediate explanation and action of the following:

1.        The specific reason for the reversal of paid ACH's.
2.        The legal, regulatory, or contractual basis supporting this action.
3.        The immediate release of the funds of the unauthorized ACH reversals to payback these vendors by removing the restriction on our accounts.

Some of our vendors, such as Moneygram, stated that Cheque Financial requested the reversal when this is completely false. When Account Support was asked, Princess Wilson stated it was for the reconciliation balance that is owed of which hasn't been agreed.  This is an error of Evolve Bank & Trust going back 3 years that still needs to be clarified.  Cheque Financial does not have a loan or line of credit with Evolve that justifies there's any "unpaid" contractual balance to Evolve.

I consider this practice of Evolve Bank & Trust to be potentially harmful to our operations and reputation. There is much involved with the damage Evolve's practices can cause my company. I filed tax returns to the IRS (2022, 2023 and 2024) and to the state that can affect my company. I relied on the integrity of your bank records to be up to date and organized. Still, I have addressed the calls nor ignored this matter.  I understand that this needs to be resolved. This cannot be something I agree on just because we're handed Evolve's own statements and ledgers done by the organization that has committed errors over and over.  Now, Evolve is giving false reasons and harming my reputation in reversing paid ACH's to our vendors and not notifying me on what your are doing with our business funds that don't belong to Evolve.  Also, holding deposits and funds that belong to another bank.  These practices are unjustified and concerning when there has been no agreement on what Evolve is claiming.

I would appreciate your immediate attention to this matter and look forward to resolving it in a professional and direct manner.  Azita mentioned this is time sensitive.  I also want to resolve this as soon as possible to continue operating without unexpected and wrongful practices.  But, it is unreasonable to expect something that took Evolve up to 3 years to figure out, take me 3 months to re-do, reconcile, investigate and still run a business.

In the absence of a satisfactory response within [2 business days] from the date of this letter, I will have to consider taking appropriate legal action.  I will be compelled to escalate the matter to the relevant regulatory authorities, including the Consumer Financial Protection Bureau (CFPB) due to the fact that Evolve Bank & Trust practices are in violation of the Uniform Commercial Code (UCC).


Sincerely,


Raymond Berrones,Jr.
President / Owner

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

CHEQUE FINANCIAL, LLC,

      Plaintiff,

v.

      Case No._____

EVOLVE BANK & TRUST, INC.,

      Defendant.

      **JURY TRIAL DEMANDED**

## VERIFICATION

Raymond Berrones, Jr., as President of Cheque Financial, LLC, first duly sworn, deposes and says that he has read the foregoing *Verified Complaint for Injunctive Relief and Damages*, and hereby verifies that statements in the document are true, except as to those things stated upon information and belief, and as to those, Mr. Berrones believes them to be true. The precise wording of the *Verified Complaint for Injunctive Relief and Damages* is that of legal counsel.

                           Raymond Berrones, Jr.
                           President, Cheque Financial, LLC



Sworn to and subscribed before me
this 21ˢᵗ day of April_____ 2025.

Notary Public

```
┌─────────────────────────────────┐
│        TIFFANY JACKSON           │
│      Notary Public, Georgia      │
│          Rockdale County         │
│     My Commission Expires        │
│         June 15, 2025            │
└─────────────────────────────────┘
```

14