IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEQUE FINANCIAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EVOLVE BANK & TRUST, INC.,<br><br>    Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-CV-2350-MHC |

## ORDER

On April 28, 2025, Plaintiff Cheque Financial, LLC ("Cheque Financial") filed the above-styled Complaint in the Superior Court of Fulton County, Georgia, seeking to recover from Defendant Evolve Bank & Trust, Inc., a company organized under the laws of Arkansas, with its principal place of business in Tennessee, for conversion, tortious interference with business relations, defamation, and negligent misrepresentation. Verified Compl. for Injunctive Relief and Damages [Doc. 1-1 at 8-20]; Notice of Removal [Doc. 1] ¶ 5. On April 28, 2025, Defendant removed the case to this Court based on diversity jurisdiction. See Notice of Removal [Doc. 1] ¶¶ 3-4. The Complaint indicates that Cheque Financial "is a Georgia limited liability company," but it does not allege the

citizenship of each of the members of the limited liability company. See Compl. ¶ 1.

"'[A] court *sua sponte* can raise a jurisdictional defect at any time, leading to dismissal of the relevant action.'" Taliaferro v. United States, 677 F. App'x 536, 537 (11th Cir. 2017) (quoting Bennett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992)); see FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. A defendant seeking to remove a case to federal court on the basis of diversity jurisdiction bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement of $75,000.00. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Defendant has not proven that the parties are diverse. "For the purpose of determining diversity jurisdiction, a limited liability company is a citizen of any state in which a member of its company is a citizen." Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company and

2

all the partners of the limited partnership. Because [plaintiff] failed to do so, it failed to carry its burden of establishing diversity of citizenship." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (emphasis added).

The citizenships of the members of Cheque Financial are not alleged in the Complaint, and Defendant does not list them in the Notice of Removal. See generally Compl; Notice of Removal. Instead, Defendant states that Cheque Financial's "principal place of business is located at 2038 Rogers Lake Road, Lithonia, Georgia," and relies on the allegation that Cheque Financial is "a family owned and operated business" whose "managing member is Raymond Berrones, Jr., 4553 Rivercliff Drive, Lilburn, GA 30047." Notice of Removal ¶ 5. Defendant admits that it "does not know how many members Cheque has," and speculates that "based on the allegations of the State Court Complaint, it appears the members are residents of Georgia and thus Cheque is a citizen of Georgia for purposes of a diversity analysis." Id.

However, merely alleging a limited liability company's principal place of business or the state laws under which it is organized is insufficient to demonstrate citizenship. See, e.g., Mallory & Evans Contractors and Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 1305 (11th Cir. 2011) (citing Rolling Greens, 374 F.3d at

3

1022). Moreover, alleging citizenship "upon information and belief" is insufficient to establish diversity jurisdiction. See Endurance Am. Specialty Ins. Co. v. Morris Hardwick Schneider, LLC, No. 1:16-CV-01375-ELR, 2018 WL 8949294, at *2 (N.D. Ga. Aug. 27, 2018) (citations omitted); Transp. All. Bank Inc. v. Trax Air, LLC, No. 6:16-CV-1773-Orl-40DCI, 2017 WL 7355309, at *3 (M.D. Fla. Nov. 20, 2017) (finding the plaintiff insufficiently alleged diversity jurisdiction where a party's citizenship was alleged "upon information and belief"). Thus, Defendant has not carried its burden of establishing diversity of citizenship. See Rolling Greens, 374 F.3d at 1022.

Accordingly, it is hereby **ORDERED** that Defendant **SHOW CAUSE IN WRITING** within fourteen (14) days of the date of this Order why this case should not be remanded for lack of subject matter jurisdiction.

**IT IS SO ORDERED** this 28th day of April, 2025.

_____
MARK H. COHEN
United States District Judge