IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHEQUE FINANCIAL, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>EVOLVE BANK & TRUST, INC.,<br><br>　　Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-CV-2350-MHC |

ORDER

This case comes before the Court on Plaintiff Cheque Financial, LLC ("Cheque Financial")'s Emergency Motion for Temporary Restraining Order and Injunction ("Pl.'s Mot. for TRO") [Docs. 2 and 5].[1]

I.   BACKGROUND

Cheque Financial is a Georgia company engaged in the business of providing financial services to "underserved communities." Verified Compl. for

---

[1] Cheque Financial also filed an Emergency Motion for Temporary Restraining Order and Preliminary and Permanent Injunction [Doc. 2] when this case was before Superior Court of Fulton County, Georgia.  The substance of the two motions is nearly identical, but the motion filed in state court invokes a different, inapplicable standard.  See Mot. for TRO at 5 (citing Pollard v. Queensborough Nat'l Bank & Tr. Co., 356 Ga. App. 223, 229 (2020)).  Accordingly, the Motion for TRO filed in the Superior Court of Fulton County [Doc. 2] is **DENIED**.

Injunctive Relief and Damages ("Compl.") [Doc. 1-1 at 8-20] ¶ 4. Cheque Financial operates nine locations in local grocery stores and "assists customers (many of whom do not have bank accounts) with transferring money to their families, cashing checks from their employers and payors, and making bill payments for utilities and other services." Id. ¶¶ 4-6. In order to provide this service, Cheque Financial deposits cash into bank accounts it maintains at Defendant Evolve Bank & Trust, Inc. ("Evolve Bank"), and those funds are eventually withdrawn by third-party vendors such as MoneyGram, Viamericas, and Western Union, which facilitate the transfer requested by Cheque Financial's clients. Id. ¶¶ 6-7.

Cheque Financial alleges that in December 2024, Evolve Bank informed Cheque Financial that it had erroneously credited Cheque Financial's accounts with $827,285.00, and began collecting a $5,000.00 monthly fee. Id. ¶¶ 10, 13. In response, Cheque Financial initiated an internal reconciliation to confirm Evolve Bank's representation and made plans to move its business to another bank. Id. ¶¶ 12, 14. Cheque Financial alleges that Evolve Bank subsequently reversed over $500,000.00 in automated clearinghouse ("ACH") deposits from the accounts from

April 9 through 11, 2025. Id. ¶ 16.[2] Cheque Financial alleges that Evolve Bank accomplished the reversals by making fraudulent misrepresentations to the ACH which erroneously indicated that Cheque Financial actually requested the reversals. Id. ¶¶ 17-18. Cheque Financial also alleges that Evolve Bank then debited over $1,200,000.00 from the accounts, which resulted in a negative account balance of -$698,457.00 and damaged Cheque Financial's long-standing relationships with third-party vendors. Id. ¶¶ 19-20.

Based on the foregoing allegations, Cheque Financial filed the above-styled lawsuit in the Superior Court of Fulton County on April 21, 2025, asserting claims for: conversion (Count II), tortious interference with business relations (Count III), defamation per se (Count IV), and negligent misrepresentation (Count V). Id. ¶¶ 33-49. Cheque Financial seeks compensatory and actual damages, preliminary and permanent injunctive relief (Count I), punitive damages (Count VI), as well as attorneys' fees and expenses (Count VII). Id. ¶¶ 24-32, 50-53, Prayer for Relief. On April 28, 2025, Defendant removed the case to this Court based on diversity jurisdiction. See Notice of Removal [Doc. 1] ¶¶ 3-12.

---

[2] In a declaration filed by Cheque Financial in conjunction with its Motion for TRO, Cheque Financial indicates that the "more precise" calculation of the total ACH reversals is $487,030.98. See Decl. of Raymond Berrones, Jr. (May 6, 2025) [Doc. 12-1] ¶ 6.

3

## II. LEGAL STANDARD

In order to obtain a temporary restraining order or preliminary injunction, Plaintiffs must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the injunction is not granted; (3) that the threatened injury to Plaintiffs absent an injunction outweighs the damage to Defendants if an injunction is granted; and (4) that granting the injunction would not be adverse to the public interest. Four Seasons Hotels & Resorts v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003); Morgan Stanley BW, Inc. v. Frisby, 163 F. Supp. 2d 1371, 1374 (N.D. Ga. 2001). A temporary restraining order is "an extraordinary and drastic remedy" and should be granted only when the movant clearly carries the burden of persuasion as to each of the four prerequisites. Id.

## III. DISCUSSION

Cheque Financial seeks an order from this Court that (1) corrects the reversals of ACH withdrawals from Cheque Financial's bank accounts at Evolve Bank and (2) restores the funds Cheque Financial alleges were stolen by Evolve Bank. Pl.'s Mot. for TRO at 2; Br. in Supp. of Emer. Mot. for TRO ("Pl.'s Br.") [Doc. 5-1] at 1. As explained below, Cheque Financial has failed to "clearly establish[] the burden of persuasion as to each of the four prerequisites" to entitle it

4

to the "extraordinary and drastic remedy" of a TRO. Four Seasons, 320 F.3d at 1210 (quotations and citation omitted).

### A. Cheque Financial Has Not Demonstrated a Substantial Likelihood of Success on the Merits of Any of the Claims Asserted in its Complaint.

The sum total of Cheque Financial's argument that it is substantially likely to succeed on the merits of its claims in this lawsuit is contained in the following two conclusory sentences:

> There is a substantial probability Cheque will prevail on the merits, at a minimum, on its claims that Evolve Bank wrongfully carried out the Fraudulent Reversals, which fraudulently indicated that Cheque requested the Fraudulent Reversals. In addition, Evolve Bank has provided no explanation for theft of $400,000.00 more than its own calculation of the Alleged Credits.

Pl.'s Br. at 7. Although Cheque Financial contends it "will prevail on the merits" of "its claims that Evolve Bank wrongfully carried out the Fraudulent Reversals," Cheque Financial does not identify which claims those are. The factual allegation that Evolve Bank wrongfully reversed funds from Cheque Financial is presumably the basis of all of Cheque Financial's claims in this case, but merely stating in conclusory fashion that it will "prevail on the merits . . . on its claims that Evolve Bank wrongfully carried out the Fraudulent Reversals" does not establish the substantial likelihood of succeeding on any claim. Not only has Cheque Financial not identified which claim(s) it is referencing, Cheque Financial has not articulated

the elements of any such claim or attempted to demonstrate that the facts alleged in this case support a finding in its favor. Nor has Cheque Financial cited to a single case discussing the merits of any claim it is asserting. Accordingly, the Court finds that Cheque Financial has failed to demonstrate a substantial likelihood of success on the merits of any claim asserted in this case.

### B. Cheque Financial Has Not Demonstrated Irreparable Injury.[3]

Even if Cheque Financial had demonstrated a substantial likelihood of success on the merits on one of its claims, it fails to demonstrate that it will suffer irreparable injury in the absence of such relief. In support of its Motion, Cheque Financial states in conclusory fashion that it "will suffer irreparable injury because the Fraudulent Reversals are causing damage to Cheque's business generally and specifically to Cheque's long-standing positive relationships with MoneyGram and Viamericas." Pl.'s Br. at 7. Cheque Financial does not explain why the alleged harm would be irreparable if an injunction is not entered.

---

[3] Because a TRO is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to each of the four prerequisites," and because Plaintiffs have failed to show a substantial likelihood of success on the merits or immediate irreparable injury, the Court need not consider the remaining prerequisites for injunctive relief. Four Seasons, 320 F.3d at 1210. Nevertheless, the Court finds that Cheque Financial has failed to demonstrate irreparable injury.

A showing of irreparable injury is essential for a party seeking preliminary injunctive relief. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> An injury is "irreparable" only if it cannot be undone through monetary remedies. "The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."

Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)). To support a finding of irreparable injury, the contemplated injury must be actual and imminent, not remote and speculative. Siegel, 234 F.3d at 1176 (quoting Jacksonville, 896 F.2d at 1285).

The injunctive relief Cheque Financial requests in this case essentially restores money back into its accounts at Evolve Bank. Pl.'s Mot. for TRO at 2. As such, the fact that Cheque Financial's injuries can be undone, and that Cheque Financial will be made whole through monetary remedies, weighs heavily against a finding of irreparable injury. See Jacksonville, 896 F.2d at 1285. Cheque Financial's requested preliminary injunctive relief is in the service of preventing dissipation of Defendants' funds. See Parker v. Haer, No. 1:21-CV-04808-LMM, 2022 WL 1694285, at *2 (N.D. Ga. Feb. 25, 2022) (holding that the plaintiff did

not demonstrate irreparable injury where he sought only preliminary injunctive relief and money damages because his injuries could be undone through monetary remedies).

Accordingly, the Court finds that, even if Cheque Financial demonstrated a substantial likelihood of success on the merits or immediate irreparable injury, Cheque Financial fails to demonstrate that it will suffer irreparable injury in the absence of preliminary injunctive relief.[4]

---

[4] The Court notes that Cheque Financial's Motion for TRO "requests an emergency hearing." Pl.'s Mot. for TRO at 1. Cheque Financial does not explain why a hearing on this matter is necessary or will assist in the adjudication of this Motion. The Court's Standing Order specifies that, if a party wishes to have an oral argument on a motion, it must "specify the particular reasons argument may be helpful" and "what issues will be the focus of the proposed argument." Standing Order [Doc. 3] § II(M); see also L.R. 7.1, NDGa. ("Motions will be decided by the Court without oral hearing, unless a hearing is ordered by the Court."). Here, Cheque Financial has failed to give any reason why oral argument at a hearing would be necessary or what areas it wishes to focus on. Additionally, the matters before the Court are not overly complicated such that oral argument would be beneficial. Accordingly, the Court **DENIES** Cheque Financial's Request for Emergency Hearing on the Motion for TRO. See DLB Assocs. Consulting Eng'rs, P.C. v. Reynolds, Inc., No. 1:14-CV-1488-MHC, 2015 WL 13651664, at *2 (N.D. Ga. Mar. 25, 2015) (denying motion for hearing "[b]ecause the Court finds that the record and the written argument of the parties contain sufficient information to decide the motions on the pleadings and without the need for oral argument."); Swinford v. Target Corp., No. 1:13-CV-4136-MHC, 2015 WL 11216738, at *3 (N.D. Ga. Mar. 18, 2015) (denying motion for oral argument because "the law on the issues before the Court is well-settled, the Court finds that such argument is unnecessary.").

8

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff Cheque Financial, LLC's Emergency Motion for Temporary Restraining Order and Injunction [Docs. 2 and 5] is **DENIED**.

**IT IS SO ORDERED** this 7th day of May, 2025.

_____
MARK H. COHEN
United States District Judge